IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOANN HERRON, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :     5:08-CV-304 (CAR) |
| | : |
| | : |
| C&S WHOLESALE GROCERS, INC. | : |
| d/b/a PIGGLY WIGGLY | : |
| | : |
| Defendant. | : |
| | : |

*ORDER ON MOTION TO REMAND*

Before the Court is Plaintiff's Motion to Remand [Doc. 6] in which Plaintiff contends that the amount in controversy in the present case does not exceed the minimum amount required by Title 28 U.S.C. § 1332(a)(1) and that this Court therefore lacks subject matter jurisdiction. Defendant filed a timely Response [Doc. 7] to the motion. No reply was filed. Because Defendant has failed to carry its burden of proving that, if Plaintiff prevails, her damages will "more likely than not" exceed the minimum jurisdictional amount, Plaintiff's Motion to Remand is hereby **GRANTED**. However, Plaintiff's request for an award of just costs, actual expenses, and attorney fees is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The present action was originally filed in the State Court of Baldwin County, Georgia. In the Complaint filed with the State Court, Plaintiff asserts that she suffered "severe physical injuries" as a result of Defendant's negligent inspection and maintenance of its premises. She seeks damages for medical expenses in an amount "in excess of $16,072.00 and prays for an additional award of "all damages allowed under Georgia Law including, but not limited to, recovery for special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial." Plaintiff further seeks to recover the cost of litigation and "such other and further relief as this court deems just and proper." Upon review of the Complaint, Defendant filed a timely Answer and Notice of Removal of the action to this Court. Plaintiff then filed the present motion seeking remand and an award of payment of just costs, actual expenses, and attorney fees incurred as a result of the removal.

**DISCUSSION**

Any action initially brought in state court may be removed if "the district courts of the United States have original jurisdiction." Title 28 U.S.C. § 1441(a). "One category of civil actions with such original jurisdiction is those between 'citizens of different states' where the amount in controversy 'exceeds the sum or value of $75,000.'" Pease v. Medtronic, Inc., 6 F. Supp.2d 1354, 1356 (S.D. Fla.,1998); Title 28 U.S.C. § 1332(a)(1). At issue in this case is whether the amount in controversy exceeds that required for this Court to exercise federal subject matter jurisdiction under Title 28 U.S.C. § 1332(a)(1).

The burden of proving any jurisdictional fact rests upon the party seeking to invoke

the jurisdiction of the federal courts; thus, in this case, Defendants bear the burden of establishing that the requisite jurisdictional amount has been met. See Tapscott v. MS Dealer Service Corp.,77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds*, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). This burden may be a heavy one. Inasmuch, the Court of Appeals for the Eleventh Circuit has held that, when a plaintiff makes a *specific* demand for judgment for less than the jurisdictional amount, the defendant is required to prove to "a legal certainty" that the amount in controversy actually exceeds the jurisdictional minimum. Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir.1994). This does not mean that a removing defendant can never prevail; a defendant may be permitted to remain in federal court under this standard if he shows that the case is clearly worth more than the jurisdictional threshold. See id. at 1095-96.

This is not the only standard of review in such cases, however. Alternatively, where a plaintiff has made an *unspecified* demand for damages in state court, a removing defendant must only prove that the amount in controversy "by a preponderance of the evidence." Tapscott ,77 F.3d at 1357. Thus, if the damages are unspecified, the defendant's burden is only to prove that the actual damages will "more likely than not" exceed the minimum jurisdictional amount. Id.

Here, Defendant claims to fall within the second, lesser burden of proof. This Court agrees. Plaintiff's Complaint clearly identifies a specific amount of damages, $16,072.00, but this amount refers only to the damages sought for Plaintiff's medical expenses. In fact, the Complaint states that Plaintiff's medical expenses are actually something "in excess" of this amount. Plaintiff also seeks to recover an *unspecified* amount for "all damages

allowed under Georgia Law including, but not limited to, recovery for special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial" and "such other and further relief as this court deems just and proper." Accordingly, the Court finds that Plaintiff's damages are unspecified, and thus Defendant needs only prove that, if Plaintiff prevails, her damages will "more likely than not" exceed the minimum jurisdictional amount.

Defendant, however, has failed to satisfy even this lesser burden. Generally, when a complaint does not claim a specific amount of damages, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001). In the event that the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

As Defendant contends, the jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries. See id. at 1320. Here, however, the amount controversy is not so apparent. Simply put, there is no way to determine from the complaint whether Plaintiff has been so badly injured as to make an award of over $75,000 more likely than not. Plaintiff's Complaint merely asserts that her injuries were "severe," specifies damages for medical expenses "in excess of $16,072.00," and prays for an award of other special and general damages, including

pain and suffering, both mental and physical, in the amount to be proven at the time of trial." There is nothing on the face of the Complaint to suggest that she will seek recovery for long-term medical expenses, permanent disability and disfigurement, or loss of wages or diminished earning capacity. There is also no prayer for punitive damages. Cf., Williams, 269 F.3d at 1318, 1320 (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did *not* render it facially apparent that the amount in controversy exceeded $75,000).

The Defendants Notice of Removal is likewise as ambiguous. Inasmuch, the Notice includes no more information than that included on the face of the Complaint itself. Thus, the Notice of Removal does not help to satisfy Defendant's burden. Defendant's conclusory assertion that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient. Id. 1319; see also Burns, 31 F.3d at 1097; Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir.1961) (removing defendant must make "affirmative showing ... of all the requisite factors of diversity jurisdiction").

The Court, however, may also consider evidence relevant to the amount in controversy at the time the case was removed. Williams, 269 F.3d at 1319. In allowing this type of inquiry, the Eleventh Circuit Court of Appeals relied upon language from the Ninth

5

and Fifth Circuits to the effect that the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id.; Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir.1995). Accordingly, a defendant must often obtain its knowledge of the claims' value from the plaintiff herself. See Lowery v. Alabama Power Co., 483 F.3d 1184,1213 n. 63 (11th Cir. 2007). Presumably, proper evidence may include responses to request for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages. See id. at 1212 n.62 (referring to "other papers" that may be considered). Courts have also considered evidence of damages awarded in cases substantially similar to the one at bar. See e.g., Pease v. Medtronic, Inc., 6 F. Supp.2d at 1356.

Here, Defendant submits[1] evidence of damages awards in other personal injury cases where the claimed medical expenses were relatively low but the ultimate award of damages was well in excess of the jurisdictional amount. The Court finds this evidence unpersuasive. The cases in which these high damages were awarded all involve motor vehicle collisions, not a slip and fall injury like the present case, and some of the plaintiffs, unlike the plaintiff in the present case, also specified lost wages. The verdict reports produced by Defendant are simply not proper comparators. C.f., Pease v. Medtronic, Inc., 6 F. Supp.2d at 1356 (considering cases brought by plaintiffs' counsel involving similar or identical allegations against the same defendant).

---

[1] Although Defendant does not specifically make this argument in it brief, the evidence was attached as an exhibit and will at least be acknowledged by the Court.

Defendant's evidence is notably slight. Inasmuch, Defendant alternatively requests that the Court allow a limited discovery period so that the jurisdictional amount can be established. The inquiry adopted by the Eleventh Circuit, which allows the submission of "summary-judgment-type evidence," would seem to contemplate some type of limited discovery. However, the Eleventh Circuit has more recently cautioned against post-removal discovery for the purpose of establishing jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). The Circuit Court explained:

> Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them.[] Certainly, the power to grant discovery generally is conferred to the sound discretion of the district court, and post-removal jurisdictional discovery may appear to present a viable option for a court examining its jurisdiction. Jurisdictional discovery could avoid the problem of speculation by the court. Sound policy and notions of judicial economy and fairness, however, dictate that we not follow this course.
> ***
> The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.

Id. at 1216-17 (footnote omitted). The Circuit Court concluded that "the defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists. The natural consequence of such an admission is remand to state court." Id. 1217-18. There is no reason that the result should be different in this case. Remand to the state court is thus appropriate.

7

That being decided, the Court next turns to Plaintiff's request for just costs, actual expenses, and attorney fees. The federal removal statutes contemplate such an award, providing that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, however, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704 (2005). Clearly, "defendants do deserve some leniency for good faith removals;" they are required to make the decision to remove very soon after receiving the complaint. Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 870 (11th Cir. 2006) (citing Bauknight v. Monroe County, 446 F.3d 1327, 1331 (11th Cir. 2006). With that in mind, the Court finds that this case does not present those unusual circumstances in which fees should be awarded. Based upon the type of case and amount of special damages sought by Plaintiff, the Court finds that Defendant did, at a minimum, have an objectively reasonable basis for removal. Plaintiff's request for an award of just costs, actual expenses, and attorney fees is, therefore, **DENIED**.

## CONCLUSION

Defendant has failed to carry its burden of proving that, if Plaintiff prevails, her damages will "more likely than not" exceed the minimum jurisdictional amount. For this reason, Plaintiff's Motion to Remand is hereby **GRANTED**. However, because there was an objectively reasonable basis for removal in this case, Plaintiff's request for an award of

costs is **DENIED**.

SO ORDERED this 22nd day of December, 2008.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
United States District Judge

JLR/car